UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| IVORY OREY CROW, | ) | CASE NO. 5:11CV1592 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| F.C.C. of America Kohen, | ) | |
| | ) | |
| Respondent. | ) | |

Before the court is *pro se* petitioner Ivory Orey Crow's petition filed pursuant to 28 U.S.C. § 2241. Initially, the Court notes that Crow has requested that his petition be construed as motion under 28 U.S.C. § 2255. At this time, that distinction need not be made. Moreover, a thorough review of this motion suggests that Crow is really filing a motion under Fed.Crim.R.P. 35(b), despite the fact that he lacks the authority to file such a motion. Regardless of the label placed on Crow's motion or petition, it is completely lacking in merit. Accordingly, the petition is DENIED and this matter is DISMISSED.

Once an application for a writ of habeas corpus is filed, a judge "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. It is abundantly clear from the record that Crow is not entitled to relief. The petition therefore is DENIED.

The sole ground for relief in the petition reads as follows:

> The Court and the U.S. Attorney Ass. promise me on the date... I was sentence that I would receive three point off my sentence for each personal that was indicted and it have been ten people charge arrest and fingerprinted for the thief and fraud of government funds.

Doc. 1 at 5 (sic throughout).

Initially, it certainly appears that Crow is seeking a sentence reduction based upon substantial assistance to the Government. Rule 35(b) places the authority to request such a reduction solely in the hands of the Government. Accordingly, Crow may not file such a motion.

Additionally, the undersigned presided over Crow's sentencing. No such promises were made during that sentencing. With respect to any future reduction, the Assistant United States Attorney indicated as follows during sentencing: "Well, your Honor, I don't have a full report on that yet and I don't know what they're going to with that. If it leads to something substantial in convictions there will be the possibility of a Rule 35." *United States v. Crow*, Case. No. 5:09CR414, Doc. 67 at 18. Moreover, the undersigned indicated more than once that the possibility of any such future motion would not be taken into consideration during sentencing. Accordingly, Crow's claims that promises were made are false and definitively refuted by the record in the underlying criminal matter. His petition is DENIED.

Out of an abundance of caution, the Court would also note that during the plea colloquy with Crow, he was specifically asked whether any promises to him had been made beyond those contained in the plea agreement. As such, there is no basis of any kind in the record to support a claim that promises of a sentence reduction were made.

2

*Conclusion*

Based on the foregoing, Crow's petition for writ of habeas corpus is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Date: November 18, 2011                  */s/ John R. Adams*
                                                JOHN R. ADAMS
                                                UNITED STATES DISTRICT JUDGE